IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Joseph T. McQuatters, | ) | C/A NO. 3:10-1375-CMC-PJG |
| | ) | |
| Plaintiff,[1] | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Town of Irmo Corporation; S. Jahue Moore, | ) | |
| an individual; Kathleen Loveless, | ) | |
| an individual; Joseph M. Epting, | ) | |
| an individual; Brian Buck, an individual; | ) | |
| J. Hendricks, an individual; | ) | |
| William P. Keesley, an individual; | ) | |
| Beth A. Carrigg, an individual; | ) | |
| Lisa Comer, an individual, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* amended complaint, which was removed to this court by Defendants.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On July 27, 2011, the Magistrate Judge issued a Report recommending that Plaintiff's motion for default judgment be denied, that Defendants' motions to dismiss and/or for summary judgment be granted and this matter dismissed with prejudice. The

---

[1] Plaintiff has made repeated filings indicating that the court has committed fraud or "fraud in the inducement" by altering the caption of this matter and properly aligning the parties. Furthermore, Plaintiff contends that the name "Joseph T. McQuatters" is a "fictitious entity for which [Plaintiff] is the authorized representative," Amd. Compl. at 6 (Dkt. #43, filed Aug. 31, 2010), or that "Joseph T. McQuatters exists only as a trust, a fiction of law [ ] not capable of filing an action of any kind . . . ." Return at 4 (Dkt. #92, filed Dec. 20, 2010). The court finds these assertions to be patently frivolous.

1

Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has filed a "Notice to the District Court" (Dkt. #112), a Motion to Quash and for Evidentiary Hearing (Dkt. #113), and a "Motion for Declaratory Order" (Dkt. #114).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Plaintiff has moved to "quash" the Report. Dkt. #113 (filed Aug. 5, 2011). Construing this motion as objections to the Report, the court finds the objections are without merit. In Plaintiff's first objection, he contends the Magistrate Judge "ignored pertinent facts" and that Defendants have failed to properly support their motions for dispositive relief. Mot. at 2. However, Plaintiff does not indicate which "pertinent" facts he believes the Magistrate Judge "ignored." Additionally, a review of the material filed by Defendants in this matter indicates that dispositive motions which required affidavits and/or other evidence were properly supported. *See*, *e.g.*, Dkt. #86 (filed Dec. 14, 2010). Therefore, this objection is rejected.

Plaintiff's second objection is that the Town of Irmo Municipal Court did not have subject matter jurisdiction over the matter which was tried in his absence because (he contends) South Carolina Code Section 22-3-710 establishes the only avenue for that court to have obtained jurisdiction.[2] To the extent this contention challenges his conviction, it is not properly before this court in a § 1983 action for damages. A civil rights action under § 1983 is the appropriate vehicle to challenge certain alleged constitutional violations, but not the fact of or sentence relating to a conviction. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973).[3] A challenge to a conviction would be pursued in this court pursuant to 28 U.S.C. § 2254, and only after Plaintiff had exhausted all of his available state court remedies.

Plaintiff maintains in his third objection that the "removal" of the traffic ticket to circuit court was proper and that upon the filing of the "removal" "the Town of Irmo Municipal Court forfeited any jurisdiction it may have had." Mot. at 3. Even assuming for purposes of this case that a "removal" of a traffic citation to circuit court is a recognized procedural avenue to challenge jurisdiction,[4] this again speaks to the validity of the conviction, which is not properly pursued in a § 1983 action.

---

[2]"All proceedings before magistrates in criminal cases shall be commenced on information under oath, plainly and substantially setting forth the offense charged, upon which, and only which, shall a warrant of arrest issue." S.C. Code Ann. § 22-3-710.

[3]To the extent Plaintiff insists the Irmo Municipal Court did not have subject matter jurisdiction, he is incorrect. Plaintiff admits that on May 31, 2009, Officer Hendricks gave him a document (which Plaintiff contends was "fraudulent") marked "UTT #82455GS." South Carolina Code Section 56-7-10 provides that "[t]he service of the uniform traffic ticket shall vest all traffic . . . and magistrates' courts with jurisdiction to hear and to dispose of the charge for which the ticket was issued and served." S.C. Code § 56-7-710. This Code section did not repeal South Carolina Code Section 22-3-710 but "merely provides a method of acquiring jurisdiction in traffic cases tried in 'all traffic courts.'" *State v. Biehl*, 246 S.E.2d 859, 859 (S.C. 1978).

[4]The court notes that the traffic ticket was pending in Irmo Municipal Court which is in Lexington County, and Plaintiff "removed" the ticket to Richland County.

Plaintiff's remaining objections are without merit.

Therefore, for the reasons stated above, Plaintiff's motion for default judgment (Dkt. # 74) is **denied**. Plaintiff's motion to quash and for evidentiary hearing (Dkt. #113) is **denied**. Plaintiff's motion for "a Declaratory Order" (Dkt. #114) is **denied**. Defendant William P. Keesley's motion for judgment on the pleadings (Dkt. #48) is **granted**. The motion to dismiss and/or for summary judgment filed by Defendants Beth A. Carrigg and Lisa Cromer is **granted**. The motion for summary judgment filed by Defendants Joseph M. Epting, Kathleen Loveless, J. Hendricks, Brian Buck, S. Jahue Moore, and Town of Irmo Corporation is **granted**. This matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 11, 2011