IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Joseph T. McQuatters, | ) | C/A NO. 3:10-1375-CMC-PJG |
| | ) | |
| Plaintiff,[1] | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Town of Irmo Corporation; S. Jahue Moore, | ) | |
| an individual; Kathleen Loveless, | ) | |
| an individual; Joseph M. Epting, | ) | |
| an individual; Brian Buck, an individual; | ) | |
| J. Hendricks, an individual; | ) | |
| William P. Keesley, an individual; | ) | |
| Beth A. Carrigg, an individual; | ) | |
| Lisa Comer, an individual, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* "Petition in the Nature of Motion for Relief from Judgment [FRCP 60(b)(1)(3)(4)]." ECF No. 121 (filed Aug. 23, 2011). Defendant Keesley has responded in opposition to Plaintiff's motion, seeking dismissal of the motion and sanctions against Plaintiff under Rule 11 of the Federal Rules of Civil Procedure. Plaintiff has also filed an "Amended Petition in the Nature of a Motion for Relief from Judgment [FRCP Rule 60(1)(3)(4)," ECF No. 128 (filed Sept. 27, 2011), and a "Notice of Fault Opportunity to Cure – Intent to Appeal," ECF No. 130 (filed Nov. 29, 2011). On December 21, 2011, Plaintiff filed a

---

[1] Plaintiff has made repeated filings indicating that the court has committed fraud or "fraud in the inducement" by altering the caption of this matter and properly aligning the parties. Furthermore, Plaintiff contends that the name "Joseph T. McQuatters" is a "fictitious entity for which [Plaintiff] is the authorized representative," Amd. Compl. at 6 (Dkt. #43, filed Aug. 31, 2010), or that "Joseph T. McQuatters exists only as a trust, a fiction of law [ ] not capable of filing an action of any kind . . . ." Return at 4 (Dkt. #92, filed Dec. 20, 2010). The court has previously rejected these assertions as frivolous.

Notice of Appeal to the Fourth Circuit, together with a motion to proceed *in forma pauperis* (*ifp*) on appeal. ECF Nos. 131 & 132.

**Rule 60(b)(1)**

Rule 60(b)(1) provides for relief from a judgment based on mistake, surprise, inadvertence, or excusable neglect. The extraordinary remedy of Rule 60(b) is only to be granted in exceptional circumstances. *See Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir.1979). To obtain relief under the Rule based on excusable neglect, the movant "must demonstrate inter alia that [he] was not at fault and that the nonmoving party will not be prejudiced by the relief from judgment." *Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 132 (4th Cir.1992).

In limited circumstances, the word "mistake" in Rule 60(b) has been read to include mistakes by the court. *See, e.g., Tarkington v. United States Lines Co.*, 222 F.2d 358 (2d Cir.1955) (a Supreme Court decision handed down eleven days after the district court entered judgment indicated that the district court erred; Rule 60(b) was held to authorize a motion bringing the Supreme Court decision to the district court's attention and moving the district court to alter its judgment accordingly). Where the motion does nothing more than request that the district court change its mind, it is not authorized by Rule 60(b). *United States v. Williams*, 674 F.2d 310, 313 (4th Cir.1982).

Plaintiff offers no authority or persuasive argument in support of relief under Rule 60(b)(1). Plaintiff contends that this court erred in "ignor[ing]" certain precedent relating to actions by *pro se* individuals. Mot. at 2 (ECF No. 121). However, Plaintiff's contentions are without merit. Initially, the court notes that the record of this matter is replete with Plaintiff's repetitive assertions regarding his stated issues in this matter. The court is not, contrary to Plaintiff's belief, required to

hold an evidentiary hearing, particularly when it is not warranted. Additionally, Plaintiff complains that this court commits error if it dismisses this matter without instructions on how his pleadings are deficient and how to repair them. However, while the court is charged with liberally construing *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), it does not act as the plaintiff's advocate, *sua sponte* developing statutory and constitutional claims the plaintiff failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir.1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).[2] Plaintiff also contends that "litigants['] constitutional rights are violated where courts depart from precedent where parties are similarly situated." Mot. at 2. This assertion is correct, yet Plaintiff makes no showing how this court has "depart[ed] from precedent where parties are similarly situated."

Therefore, Plaintiff's motion fails under Rule 60(b)(1).

**Rule 60(b)(3)**

Federal Rule of Civil Procedure 60(b)(3) gives district courts the power to relieve a party from an adverse judgment because of "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct *of an adverse party*." Fed.R.Civ.P. 60(b)(3) (emphasis added). In *Schultz v. Butcher*, the Fourth Circuit held that a moving party must establish three factors in order to state a successful Rule 60(b)(3) motion: "(1) the moving party must have a meritorious [claim]; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case." 24 F.3d 626, 630

---

[2]Plaintiff also cites a case – noted as *Anastassof v. U.S.* – which the court cannot locate at the citation provided (233 F.3d 898). The case located at this citation is *A-Mark Auction Galleries, Inc. v. American Numismatic Ass'n*, 233 F.3d 895 (5th Cir. 2000), and is inapposite to the matter at hand.

(4th Cir.1994) (citing *Square Constr. Co. v. Washington Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir.1981)).

Even where a moving party satisfies the *Schultz* three prong test, a district court must "balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine within its discretion, whether relief is appropriate in each case." *Id*. Furthermore, "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." *Williams*, *supra*, 674 F.2d at 312-13 ("Where the motion is nothing more than a request that the district court change its mind, however, it is not authorized by Rule 60(b)."). In considering a motion under Rule 60(b)(3), a district court retains the discretion to discern whether a moving party's allegations of unfair judgment are more properly classified as requests that the district court merely "change its mind." Essentially, Rule 60(b)(3) provides an avenue for revisiting judgments that were obtained unfairly, not judgments which the moving party merely believes were erroneous. *Schultz*, 24 F.3d at 630.

Plaintiff makes no showing of misconduct by Defendants. Therefore, his motion for relief under Rule 60(b)(3) is denied.

**Rule 60(b)(4)**

Rule 60(b)(4) allows a district court to vacate an otherwise final order only if "the judgment is void." Fed.R.Civ.P. 60(b)(4). An order is void for purposes of Rule 60(b)(4) only if the court rendering the decision lacked subject matter jurisdiction. *United States v. Hartwell*, 448 F.3d 707, 722 (4th Cir. 2006). The Fourth Circuit Court of Appeals narrowly construes Rule 60(b)(4) precisely because of the threat to finality of judgments; "only when the jurisdictional error is

egregious will the courts treat the judgment as void." *Id*. The plaintiff has neither stated nor shown any egregious jurisdictional error. Therefore, his motion for relief under Rule 60(b)(4) is denied

### Defendant's Request for Sanctions under Rule 11

The court notes that in Defendant Keesley's Response to Plaintiff's Rule 60 motion, he seeks sanctions pursuant to Rule 11 of the Federal Rule of Civil Procedure. Rule 11 specifically provides that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Defendant's request does not comply with this requirement and it is therefore **denied without prejudice** to Defendant Keesley's right to file a proper Rule 11 motion for sanctions.

### Motion to Proceed *in forma pauperis* on Appeal

Federal Rule of Appellate Procedure 24 (a)(1) requires a party who desires to appeal *in forma pauperis* to attach an affidavit to his motion that: (A) shows . . . the party's inability to pay or give security for fees and costs; and (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

Plaintiff has not provided this court with the information required by Federal Appellate Rule of Procedure 24(a)(1)(C) which would allow this court to assess whether or not Plaintiff's appeal is taken in good faith. "'Good faith' within the meaning of § 1915 means the presentation of issues for appeal which, judged by an objective standard, are not frivolous." *Harlem River Consumers Co-op., Inc. v. Associated Grocers of Harlem, Inc.*, 71 F.R.D. 93, 97 (S.D.N.Y.1976).

Plaintiff's motion is, therefore, **denied**. Plaintiff's attention is directed to Federal Rule of Appellate Procedure 24(a)(5).

**Conclusion**

Plaintiff's motion for relief under Rule 60 is **denied**. Defendant Keesley's request for sanctions under Rule 11 is **denied without prejudice**. Plaintiff's motion to proceed *in forma pauperis* on appeal is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 3, 2012